UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ANGELA LYNN LORENZO,<br><br>        Plaintiff,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION, et al.,<br><br>        Defendants. | 2:11-CV-1674 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiff Angela Lynn Lorenzo's motion for a temporary and permanent injunction. (Doc. #1-C).[1] Defendants US Bank National Association, Credit Suisse First Boston Armt-2005-7, and Wells Fargo Bank, National Association have filed an opposition (doc. # 7), to which plaintiff has not replied.

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary

---

[1] The motion for temporary and permanent injunction was filed in state court on September 13, 2011. Defendants removed this case to federal court on October 17, 2011. Though the motion for temporary and permanent injunction was still pending at the time of removal, and defendants attached a copy of the motion to their petition, they failed to mention in the petition or give other notice to this court that a motion was pending at the time of removal. Rather, this court first became aware of the pending motion when defendants finally filed an opposition on November 11, 2011. Plaintiff's time to reply to the opposition has now passed and the court will consider the motion.

**James C. Mahan**
**U.S. District Judge**

1  injunction can be heard. The Supreme Court has stated that courts must consider the following
2  factors in determining whether to issue a temporary restraining order and preliminary injunction:
3  (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is
4  not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v.*
5  *N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

6  In her complaint, plaintiff alleges that the foreclosure sale was unlawful because the
7  foreclosing defendants did not comply with the non-judicial foreclosure sale notice requirements of
8  NRS § 107.080, because the notice of default was not sent by "the beneficiary, the successor in
9  interest of the beneficiary or the trustee." *See* NRS § 107.080(2)(c); Pl.'s Mot. at 14:17-18. Plaintiff
10 requests that this court issue an injunction to keep plaintiff in her home pending the conclusion of
11 this lawsuit.

12 Defendants argue that they have substantially complied with the notice requirements of NRS
13 § 107.080 and thus plaintiff cannot show a likelihood of success on the merits. Additionally,
14 defendants point out that plaintiff does not deny that she has failed to tender any mortgage payments
15 on her home for well over a year and is requesting that the court grant her the home free and clear
16 of any debt obligations arising from her loan agreement.

17 Under Chapter 107 of the Nevada Revised States, when a homeowner defaults on a mortgage,
18 "the beneficiary, the successor in interest of the beneficiary or the trustee" must execute and cause
19 to be recorded a notice of the breach and election to seel the property. NRS § 107.080(2)(c). Three
20 months after this notice is recorded, but before the sale takes place, the "trustee, or other person
21 authorized to make the sale" must give notice to the debtor regarding the time and place of sale.
22 NRS § 107.080(4). The non-judicial foreclosure framework codified in NRS § 107.080
23 contemplates the intricacies of modern real estate transactions. As such, NRS § 107.080's notice
24 requirements do not require strict compliance, but that "the trustee or other person authorized to
25 make the sale [must] *substantially comply with the provisions of this section.*" NRS § 107.080(5)(a)
26 (emphasis added).

27 Here, the court finds that the defendants did indeed substantially comply with the statute.
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  The party that recorded the notice of default was National Default Servicing Corporation ("NDSC"), the appointed foreclosure trustee. Though NDSC was not strictly a "beneficiary, the successor in interest of the beneficiary or the trustee," it was a party permitted under Nevada law to proceed with a foreclosure sale. Given that plaintiff does not dispute the fact that notice of default was actually recorded, or the fact that she was in default and the notice was warranted, this court cannot find that the error she complains of was so prejudicial that voiding the sale is equitable. Moreover, plaintiff has failed to point this court to any previous case where a court voided a foreclosure sale due to a similar error and plaintiff's citation to *Coast to Coast Demolition & Crushing, Inc. v. Real Equity Pursuit, LLC*, 126 Nev. Adv. Op. 10 (2010) is inapposite.

Thus, this court does not find that plaintiff is likely to prevail in her suit to void the sale. As explained above, it appears that the foreclosing defendants substantially complied with the statute, and thus preliminary injunctive relief is not appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary and permanent injunction (doc. #1-C) be, and the same hereby is, DENIED.

DATED December 20, 2011.

/s/ James C. Mahan
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 3 -