UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ANGELA LYNN LORENZO,<br><br>    Plaintiff,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION, et al.,<br><br>    Defendants. | 2:11-CV-1674 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiff Angela Lynn Lorenzo's motion to remand. (Doc. #10). Defendants US Bank National Association, Credit Suisse First Boston Armt-2005-7, and Wells Fargo Bank, N.A. (collectively "corporate defendants") have filed an opposition (doc. #11), to which Ms. Lorenzo has failed to reply.

This case was originally filed in Nevada state court. On October 17, 2011, the corporate defendants filed a petition for removal and the case was removed to the United States District Court for the District of Nevada. The corporate defendants contended that diversity jurisdiction existed because they were each diverse from Ms. Lorenzo and the remaining defendants, Lisa McCollough, Traditions Homeowner's Association, and Nevada Legal News (collectively "Nevada defendants") were fraudulently joined and thus did not destroy diversity jurisdiction.

The corporate defendants claimed that Ms. Lorenzo had failed to allege any cause of action against the Nevada defendants and thus the court should properly ignore the Nevada defendants for

**James C. Mahan**
**U.S. District Judge**

1  purposes of diversity jurisdiction. Ms. Lorenzo's present motion argues that she has pleaded a valid
2  cause of action against the Nevada defendants, and therefore, diversity does not exist and the case
3  should be remanded.

4  **Discussion**

5  "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a
6  resident defendant, and the failure is obvious according to the settled rules of the state, the joinder
7  of the resident defendant is fraudulent." *McCabe v. General Foods Corporation*, 811 F.2d 1336,
8  1339 (9th Cir. 1987) (citing *Moore's Federal Practice* (1986) ¶ O.161[2]). A defendant seeking
9  removal to federal court is entitled to present facts showing the joinder was fraudulent. *Id.* (citing
10 *Smith v. So. Pac. Co.*, 187 F.2d 397 (9th Cir. 1951).

11 In reviewing a motion to dismiss under Nev. R. Civ. P. 12(b)(5), the court must accept all
12 facts int eh complaint as true, construe the pleadings liberally, and draw all possible inferences in
13 favor of the nonmoving party. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228
14 (2008).

15 Here, the corporate defendants contend that Ms. Lorenzo's complaint fails to allege any cause
16 of action against the Nevada defendants. Indeed, the complaint contains no facts relating to any of
17 the Nevada defendants.

18 Ms. Lorenzo's complaint requests injunctive relief (first "cause of action") and declaratory
19 relief (second "cause of action").[1] In addition, she brings suit based on breach of the implied
20 covenant of good faith and fair dealing (third cause of action) and to quiet title (fourth cause of
21 action). However, the complaint is completely silent regarding how any of the Nevada defendants
22 could be liable to Ms. Lorenzo. There is no contract alleged between the Nevada defendants and Ms.
23 Lorenzo and the complaint does not accuse any of the Nevada defendants of claiming an interest in
24 the property adverse to Ms. Lorenzo's interest.

25 Accordingly, there is no possible inference that this court can draw in favor of Ms. Lorenzo
26 with regards to the Nevada defendants. Simply put, they have been named in the complaint, but no

---

[1] The court notes that these are requested remedies, not "causes of action."

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 allegations have been made against them such that this court could infer a theory of liability.
2 Accordingly, this court must conclude that the Nevada defendants were included in this suit for the
3 sole purpose of preventing removal to federal court. Thus, the joinder was fraudulent and this court
4 will disregard the Nevada defendants for purposes of determining its diversity jurisdiction. *See*
5 *McCabe*, 811 F.2d at 1339. Because the remaining corporate defendants are each diverse from Ms.
6 Lorenzo, diversity jurisdiction exists.

   Accordingly,

   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Ms. Lorenzo's motion to remand (doc. #10) be, and the same hereby is, DENIED.

   DATED January 3, 2012.

                                   _____
                                   **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -