UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA LYNN LORENZO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION, et al.,<br><br>　　　　Defendants. | 2:11-CV-1674 JCM (RJJ) |

**ORDER**

Presently before the court is defendants US Bank National Association, Credit Suisse First Boston Armt-2005-7, and Wells Fargo Bank, National Association's motion to dismiss. (Doc. # 13). Plaintiff Angela Lynn Lorenzo has filed an opposition (doc. #20), to which defendants have not replied.

**Background**

The facts alleged in the complaint establish that the instant dispute centers around the real property located at 1717 John Bevy Court, North Las Vegas, Nevada. Compl. ¶ 2. On or about January 12, 2006, plaintiff obtained a mortgage on the property with Silver State Financial Services. Commerce Title was listed as the original trustee and Mortgage Electronic Registration Systems, served as nominee for IndyMac Bank. *Id.* at ¶¶ 2-3. On or about February 27, 2006, Lawyers Title was substituted as trustee.

**James C. Mahan**
**U.S. District Judge**

On or about April 27, 2009, National Default Servicing Center, acting as an "appointed trustee" of the beneficiary, recorded a notice of breach and default and election to sell under the deed of trust. *Id.* at ¶ 6. On or about June 22, 2009, a trustee's deed upon sale was executed, conveying all right and title to the property to US Bank. *Id.* at ¶ 9.

In essence, plaintiff alleges the foreclosure sale was unlawful because the foreclosing defendants did not comply with the non-judicial foreclosure sale notice requirements of NRS § 107.080. That statute requires that notice of default be sent by "the beneficiary, the successor in interest of the beneficiary or the trustee." *See* NRS § 107.080(2)(c). Here, however, National Default Servicing Center was not "the beneficiary, the successor in interest of the beneficiary or the trustee," but was the an "appointed trustee" of the beneficiary. This court has previously found that the state statute governing non-judicial foreclosure requires substantial compliance and that defendants did substantially comply. *See* Doc. #12, 2:27-3:9.

Specifically, plaintiff's complaint contains four causes of action. These include: (1) a request for preliminary and permanent injunctive relief and declaratory relief;[1] (2) that no breach exists on the promissory note; (3) breach of the implied covenant of good faith and fair dealing; and (4) quiet title.

**Discussion**

1.   Standard of Review

A plaintiff must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, "[t]o survive a motion to dismiss, a

---

[1] The court notes that this "cause of action" is in fact a requested remedy, not a legal claim.

James C. Mahan
U.S. District Judge

- 2 -

1  complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its
2  face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).  Although "not
3  akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility
4  that a defendant has acted unlawfully.  *Id.*

5  2. Analysis

6      (a) Preliminary and Permanent Injunction and Declaratory Relief

7  As explained previously, see footnote 1, this "cause of action" is a requested form of relief,
8  not a legal theory upon which relief could be granted.  *See Josephson v. EMC Mortg. Corp.*, 2010
9  WL 4810715, *3 (D. Nev. Nov. 19, 2010) (injunctive relief); *Aguilar v. WMC Mortg. Corp.*, 2010
10 WL 198951, *4 (D. Nev. Jan. 15, 2010) (declaratory relief).

11 As discussed below, the plaintiff's three remaining causes of action are without merit.
12 Therefore, this "cause of action" is dismissed.

13     (b) Second Cause of Action – No Default Exists on the Trust Deed

14 Plaintiff's second cause of action asserts a "split the note" theory, alleging that because the
15 ownership of the note was separated from the deed of trust, any default was on the note and not the
16 deed of trust, and therefore foreclosure is not an available remedy.  Compl. ¶ 25.

17 This argument has been rejected by the Ninth Circuit.  *See Cervantes v. Countrywide Home*
18 *Loans, Inc.*, – F.3d –, 2011 WL 3911031, *6-7 (9th Cir. Sept. 7, 2011).

19     (c) Third Cause of Action – Continued Bad Faith

20 To state a claim of breach of the covenant of good faith and fair dealing, plaintiff must allege:
21 (1) plaintiff and defendants were parties to an agreement; (2) the defendants owed a duty of good
22 faith to the plaintiff; (3) the defendants breached that duty by performing in a manner that was
23 unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.
24 *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).  In Nevada, an implied covenant of good faith and
25 fair dealing exists in every contract, *Consol Generator-Nevada v. Cummins Engine*, 917 P.2d 1251,
26 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately
27 contravenes the intention and spirit of the agreement.  *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev.
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  1994).

2  Plaintiff's bad faith claim is premised on the allegation that the defendants failed "to
3  negotiate with the [p]laintiff a lower payment that they could afford thereby causing the [p]laintiff
4  to fall behind on the mortgage and face foreclosure. . ." Compl. ¶ 31.

5  No case law is cited to support the proposition that the implied duty of good faith and fair
6  dealing requires a contracting party to re-negotiate a contract in an effort to prevent the other party's
7  breach. Furthermore, plaintiff has not pointed to any contract or duty that requires defendants to
8  negotiate a loan modification in the first instance. *See McCurdy v. Wells Fargo Bank, N.A.*, 2010
9  WL 4102943 (D. Nev. Oct. 18, 2010) (dismissing complaint alleging breach of implied duty
10 premised on defendant's failure to negotiate a loan modification in good faith).

11  (c)  Fourth Cause of Action – Quiet Title

12  "An action may be brought by any person against another who claims an estate or interest in
13 real property, adverse to him, for the purpose of determining such adverse claim." NRS § 40.010.
14 In a quiet title action, the plaintiff carries the burden to establish that he has good title. *Breliant v.*
15 *Preferred Equities Corp.*, 112 Nev. 663, 669 (1996) (citing *Ernie v. Trinity Lutheran Church*, 51
16 Cal.2d 702 (1959)). A quiet title action requires the plaintiff to show that the defendant is unlawfully
17 asserting an adverse claim to the disputed title. *Kemberling v. Ocwen Loan Servicing, LLC*, 2:09-cv-
18 00567-RCJ-LRL, 2009 WL 5039495, *2 (D. Nev. Dec. 15, 2009).

19  Here, plaintiff's complaint fails to allege that defendant is unlawfully asserting an adverse
20 claim to title. Plaintiff seeks to quiet title based upon the notice of default that was recorded against
21 the subject property. However, plaintiff's complaint does not assert that this notice of default was
22 wrongfully recorded (e.g. nothing in the complaint refutes the premise that plaintiff has defaulted
23 on her home loan). Accordingly, in her request to quiet title, plaintiff fails to state a claim upon
24 which relief can be granted.

25  Therefore,

26  . . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to
2   dismiss (doc. #13) be, and the same hereby is, GRANTED.
3   DATED March 13, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -